JAMES DAL BON, Bar No. 157942
Law Offices of James Dal Bon
606 North 1st Street
San Jose, CA 95112
(408)466-5845


Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Luis Ledezma and Opt In Plaintiffs<br><br>Plaintiffs,<br><br>vs.<br><br>Cem Bora Acka, Sahin Acka and Ristorante Palermo, Inc.<br><br>Defendants | Case No.:<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim<br><br>1. Failure to pay overtime: 29 U.S.C. §§ 207, 216(b), and 255(a);<br><br>California Law State Claims<br><br>2. Failure to pay overtime and for all hours worked (California Labor Code §§ 1194(a); 1815);<br>3. Failure to Provide Accurate Pay Stubs and Records(California Labor Code §§ 226)<br>4. Failure to Pay Wages Due at End of Employment and Waiting Time Penalties (California Labor Code §§ 201, 203);<br>5. Denied Meal and Rest Periods<br>6. Violation of California Business and Professions Code §§ 17200 |

**NATURE OF CLAIM**

1. This is an action by Plaintiff, and his co-workers who are opt in consenters under the Fair Labor Standards Act, against their employer for unpaid overtime wages, and regular wages, interest, penalties, attorneys' fees and costs. Defendants Cem Bora Acka, Sahin Acka and Ristorante

1

Palermo, Inc jointly employed the Plaintiff Luis Ledezma as a cook and the opt-in consenters as non-exempt food service employees.  Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

2.   Plaintiff's claims can be summarized as follows:

(a)   <u>Failure to Pay Overtime Wages</u>:  Defendants ran the Ristorante Palermo. The Defendants paid the non-exempt employees at the restaurant their regular hours by check and the overtime hours by cash.  The Defendants failed to pay the Plaintiffs overtime at 1.5 times their regular rate for overtime hours

(b)   <u>Meal Period Violations:</u> Defendants at the Ristorante Palermo did not allow their employees to have a thirty-minute uninterrupted meal period when they worked six or more hours.

(c)   <u>Penalties:</u> Defendants owe the Plaintiff statutory penalties for failing to pay their employees all wages due at the end of employment, failure to provide accurate pay stubs and failure to provide ten-minute rest breaks or thirty-minute meal periods.

**SUBJECT MATTER JURISDICTION AND VENUE**

3.   This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4.   Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.  Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

**PARTIES**

5.    Plaintiff Luis Ledezma (hereinafter Plaintiff) was, and at all relevant times herein is, an individual over the age of eighteen whose residence is in Santa Clara County California.

6.    Defendants employed the Plaintiff as a cook at the Ristorante Palermo during the statute of limitations in this action.

7.    Defendant Cem Borah Acka is an individual over the age of eighteen years of age, whose residence and primary place of business is in Alameda County California.

8.    Defendant Cem Borah Acka is a part owner or manager of the Ristorante Palermo who directly controlled the Plaintiff's work hours, rate of pay and the other conditions Plaintiff worked under at the restaurant.

9.    Defendant Salin Acka is an individual over the age of eighteen years of age, whose residence and primary place of business is in Alameda County California.

10.   Defendant Salin Acka is a part owner or manager of the Ristorante Palermo who directly controlled the Plaintiff's work hours, rate of pay and the other conditions Plaintiff worked under at the restaurant.

11.   Defendant Ristorante Palermo, Inc is a corporation by the law of the State of California whose primary place of business is in Alameda County California.

12.   Plaintiff is informed and believes and therefore alleges, that at all times mentioned herein Defendants Cem Borah Acka, Sahin Acka and the Ristorante Palermo, Inc., (hereinafter Defendants) are engaged in the restaurant business in Northern California, Alameda County.

**GENERAL ALLEGATIONS**

13.   Defendants employed Plaintiff, and his co-workers who are opt-in consenters, at all relevant times within the statute of limitations for this action in the restaurant business which is covered under California law under the House Keeping Wage Order IWC Wage Order 5-2001.

14. Defendants paid Plaintiff and the Opt In Consenters an hourly wage to perform non-exempt restaurant work.

15. Defendants did not properly record all of the hours worked by Plaintiff and his co-workers, who are opt-in consenters, under the FLSA.

16. Defendants would pay Plaintiffs twice a month by check and cash.

17. The checks would record most of the regular hours worked by Plaintiffs but none of the overtime hours.

18. Plaintiff would typically work 11 hours a day, from 10:00 am to begin prep for lunch to 9:00 pm when the restaurant usually closed.

19. On occasion Plaintiff would on occasion work on Saturdays for a 6-day work week.

20. When Plaintiff and the Opt-In Consenters worked more than eight hours in one day the Defendants did not pay them at 1.5 their regular rate of pay for every hour worked more than eight hours.

21. When Plaintiff and the Opt-In Consenters worked more than forty hours in one day the Defendants did not pay them at 1.5 their regular rate of pay for every hour worked more than forty hours.

22. Instead the Defendants paid the Plaintiff and the Opt In Consenters at their regular rate of pay in check and cash.

23. When the Plaintiff and Opt-In Consenters worked more than five hours in one day the Defendants did not afford them a 30-minute lunch break.

24. The Defendants intentionally paid the Plaintiffs their overtime hours in cash at the regular rate of pay.

25. The paystubs would list the wrong number of regular hours worked and would not list any over time hours.

26. Said failure to acknowledge the correct number of hours that Plaintiff was working was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code section 203.

27. Opt-in Consenters are workers who are making similar claims and who have filed Opt-In Consent Forms to join as a Plaintiff in this action pursuant to the special procedures for representative actions under the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq.  Said Opt-In Forms shall be filed with the Court and PLAINTIFF reserve the right to file a Motion to Send said workers Notice of their right to Opt-in to this action. The named PLAINTIFF hereby gives his consent through counsel with the filing of this pleading.  Opt-In Consent Forms for other named individuals, who are asserting claims under the FLSA shall be filed with the Court when received by Plaintiff's counsel.

28. Plaintiff and Opt In Consenters shall hereby be known as "Plaintiffs".

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and Minimum Wages*

29. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

30. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

31. The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

32. Defendants routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week without paying all of their wages for such overtime work. In Plaintiff's case Defendants willfully placed the incorrect number of hours worked on his pay stubs.

33. In failing to pay Plaintiffs' overtime wages at one-and-one-half times their regular rate of pay, Defendants willfully violated the FLSA.

34. As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

35. Defendants intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper wages, and Defendants are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

36. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**PENDENT STATE CLAIM**
*Violation of California Labor Code §§ 510, 1194, & 1197*
*Failure to Properly Pay Overtime Wages*

37. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

38. At all times mentioned herein, the Defendants were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken for Defendants. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs not less than the one and one-half times his contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week.

39. Pursuant to Labor Code § 1194, for his work for Defendants, Plaintiffs seek all earned but unpaid overtime wages and wages.

40. Plaintiffs are entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

41. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

## COUNT THREE
## PENDENT STATE CLAIM
*California Labor Code § 226*
*Wage Stubs and Record Keeping*

42. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

43. At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

44. Defendants knowingly and intentionally failed to provide Plaintiffs, with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in Defendants' itemized wage statements including, among other things, not accurately showing the actual hours worked or rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

45. As a direct result of Defendant's conduct, Plaintiffs were provided with inaccurate paystubs. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

Plaintiffs have incurred, and will continue to incur, attorney fees in the prosecution of this action.

## COUNT FOUR
## PENDENT STATE CLAIM
*California Labor Code Section 20*
*Waiting Time Penalties*

46. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

47. At the time Plaintiffs' employment at Defendants' restaurant business was terminated, Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

48. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

49. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendants liable to Plaintiff for penalties equal to thirty (30) days wages.

## COUNT FIVE
## PENDENT STATE CLAIM
*Violation of California Labor Code § 226*
*Failure to Provide Lunch and Rest Periods*

50. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

51. California Labor Code §226.7 states:

52. (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one

additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

53. Defendants failed to comply with the requirements of Labor Code §226.7 by failing to provide Plaintiffs with (30) minute uninterrupted meal periods when they worked six or more hours and 10-minute rest breaks for every four hours worked.

54. Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

55. Defendants violated California law by failing to comply with the rest and meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

56. By failing to keep adequate time records required by Labor Code §226 and §1174(d), Defendants have injured Plaintiffs and made it difficult to calculate the unpaid meal period compensation due to Plaintiffs

57. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders

58. Plaintiffs therefore are entitled to one hour of pay for each day they missed a meal period and one hour a day for every day they missed a lunch break;

## COUNT SIX
## PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

59. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

60. At all times relevant herein, Plaintiffs' employment with Defendants was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain overtime for work performed in excess of 40 hours per week or 8-hours in a day.

40. At all times relevant herein, the employer of the Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff, including members of the general public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiff, including members of the general public, were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiff, including members of the general public.

41. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom DEFENDANTS were in competition and who were in compliance with the law.

42. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff, including members of the general public, incurred general damages in the form of unpaid wages in amount to be proved at trial.

43. Defendants made a scheme to avoid worker compensation and paying overtime to Plaintiff by reporting the incorrect number of hours worked by Plaintiffs. Defendants have been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, including members of the general public, overtime pay.

44. Plaintiffs, including members of the general public, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages for all wages earned but not paid, all overtime wages earned and not paid in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime wages;

3. For restitution of unpaid overtime pay and meal period premium pay;

4. For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

5. For "waiting-time" penalties under California Labor Code §203.

6. For one hour of pay for every missed rest period;

7. For one hour of pay for every missed lunch period;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. For reimbursement of expenses for work related losses;

10. For costs of suit herein;

9. For actual damages or a statutory penalty for non-compliant wage stubs; and

10. For such other and further relief as the Court may deem appropriate.

June 11, 2018                                          Respectfully submitted,

_____

James Dal Bon

DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

June 11, 2018

Respectfully submitted,

By: _____

James Dal Bon

Attorneys for Plaintiffs